**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UMG Recordings, Inc., a Delaware corporation; Fonovisa, Inc., a California corporation; Elektra Entertainment Group Inc., a Delaware corporation; and Sony BMG Music Entertainment, a Delaware general partnership,<br><br>          Plaintiffs,<br><br>vs.<br><br>Aldo Castro,<br><br>          Defendant. | No. CV 08-1227-PHX-MHM<br><br>**ORDER** |

On July 2, 2008, UMG Recordings, Inc., Fonovisa, Inc., Elektra Entertainment Group, Inc., and Sony BMG Music Entertainment ("Plaintiffs") filed a Complaint against Aldo Castro ("Defendant"), asserting claims of copyright infringement. (Complaint, Dkt. #1, pp. 2-5). Defendant thereafter failed to respond to the Complaint. (Dkt. #12, Exhibit 1). On August 15, 2008, the Clerk entered an order of default pursuant to Federal Rule of Civil Procedure 55(a) against Defendant. (Dkt. #10). Plaintiff then moved for default judgment.

## I. BACKGROUND & PROCEDURAL HISTORY

Plaintiffs are the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain sound recordings. (Complaint, Dkt. #1, p. 3). The list of these copyrighted sounds recordings ("Copyrighted Recordings") is included in the Complaint. (*Id*., Exhibit A). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. (*Id*., p. 3). Furthermore, pursuant to 17 U.S.C. § 401, Plaintiffs placed proper notices of copyright on each respective album cover of each of the Copyrighted Recordings, which were widely available and accessible by Defendant. (*Id*., p. 5).

On August 20, 2007, Plaintiffs identified Defendant as an individual using LimeWire, an Internet media distribution system, on a peer-to-peer ("P2P") network Gnutella.[1] (*Id*., p. 4). Plaintiffs identified Defendant through the Internet Protocol address 70.190.85.6 at 00:09:12 EDT distributing 2,060 audio files over the Internet. (*Id*.). As such, Plaintiffs allege that as of August 20, 2007, Defendant has continuously downloaded and/or distributed the Copyrighted Recordings to the public without their permission or consent. (*Id*.). In addition, Plaintiffs claim that Defendant has continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels. (*Id*.).

Accordingly, Plaintiffs allege that Defendant's conduct constitutes willful and intentional acts of infringement, in disregard of Plaintiffs' copyrights and exclusive rights of reproduction and distribution. (*Id*., p. 4-5). Plaintiffs request that judgment be entered

---

[1] P2P networks, such as Gnutella, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. (Complaint, Dkt. #1, p. 3). Users of P2P networks who distribute files over a network can be identified by using Internet Protocol addresses. (*Id.*).

1 in their favor against Defendant, for statutory damages in the total amount of $ 6,750.00,
2 an injunction in the form sought in the Complaint, and costs of $ 420.00.  (Dkt. #1, 12).
3     On July 14, 2008, Plaintiffs served Defendant.  (Dkt. #8).  Defendant failed to file a
4 responsive pleading to Plaintiffs' Complaint.  (Dkt. #12, Exhibit 1).  On August 14, 2008,
5 Plaintiffs filed a motion for entry of default judgment.  (Dkt. #9).  Accordingly, the Clerk
6 of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure
7 55(a).  (Dkt. #10).

## II. DISCUSSION

"Entry of default judgment is governed by FRCP 55 and is left to the trial court's sound discretion."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  After entry of default by the Clerk of the Court pursuant to FRCP 55(a), the Court may grant default judgment pursuant to FRCP 55(b)(2).  See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under FRCP 55).  Factors that a district court may consider in exercising its discretion include the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id., 782 F.2d at 1471-72.  After default has been entered by the Clerk of the Court, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  "A party seeking default judgment must state a claim upon which it may recover."  See Philip Morris USA, 219 F.R.D. at 494, 501 (C.D. Cal. 2003).  Furthermore, a plaintiff must prove all damages sought in the complaint.  Philip Morris USA, 219 F.R.D. at 498; Fed. R. Civ. P. 55 (b)(2) ("In determining damages, a court can rely on the declarations submitted by the plaintiff.").

- 3 -

1 Plaintiffs have satisfied the procedural requirements for default judgment against
2 Defendant.  Plaintiffs submitted an application for entry of default and a declaration in
3 August 2008 (Dkt. #9; Dkt. #12, Exhibit 1), which prompted the Clerk of the Court to
4 enter default against Defendant on July 21, 2008 (Dkt. #10).  Plaintiffs do not request
5 relief that differs from or exceeds that prayed for in the Complaint.  Thus, the application
6 for default judgment complies with the Federal Rules of Civil Procedure.  Accordingly, the
7 Court need only analyze the Eitel factors to determine whether default judgement is
8 appropriate in this case.

9 In considering the Eitel factors, the Court takes all factual allegations in Plaintiffs'
10 Complaint as true, except for those relating to damages.  TeleVideo Sys., Inc., 826 F.2d at
11 917-18.  Under the first factor, Plaintiffs would clearly be prejudiced if they were unable
12 to enforce infringement of copyright laws merely because Defendant refuses to defend an
13 action.  Absent entry of a default judgment, Plaintiffs will be deprived of a remedy for the
14 damages caused by Defendant's unlawful distribution of the Copyrighted Recordings.

15 As to the second factor, the Complaint sets forth with great specificity the nature of
16 the allegations leveled against Defendant.  (Complaint, Dkt. #1, pp. 2-5).  Plaintiffs
17 adequately pled the claims for relief in the Complaint, detailing Defendant's actions that
18 constitute direct copyright infringement.  (*Id.*); A&M Records, Inc. v. Napster, Inc., 239
19 F.3d 1004, 1014 (9th Cir. 2001).  Plaintiffs also submitted a list detailing the date and time
20 of which the Copyrighted Recordings were infringed.  (Dkt. #1, Exhibit A).  The
21 Complaint is sufficient, both legally and factually; and as such, the Court finds that
22 Plaintiffs have demonstrated the merits of the claims.

23 As for the third factor of the Eitel test, as Defendant's failure to answer constitutes
24 an admission to the averments contained in the Complaint under FRCP 8(d), the Court
25 must accept these allegations as true.  As such, the first three Eitel factors favor entry of
26 default judgment against Defendant.

27
28

Pursuant to the fourth Eitel factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. Eitel, 782 F.2d at 1471-72. Plaintiffs have requested the minimum statutory damages for each of the nine infringements alleged in the Complaint pursuant to 17 U.S.C. § 504(c)(1) of the Copyright Act, an injunction, and costs of this action. (Dkt. #1, Exhibit A; Dkt. #12). 17 U.S.C. § 504(c)(1) states that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $ 750 or more than $ 30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In addition, in support of the claims, Plaintiffs have submitted a declaration setting forth the costs of the default judgment. (Dkt. #12, Exhibit 1). As such, the Court finds that this factor favors granting default judgment against Defendant.

As to the fifth factor, on entry of default all well-pleaded facts in the complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc., 826 F.2d at 917-18. Here, Plaintiffs filed a well-pleaded Complaint alleging the facts necessary to establish the claims. Defendant has been given a great deal of time to answer Plaintiffs' Complaint and deny any averments contained therein. However, Defendant has failed to do so. (Dkt. #12, Exhibit 1). Thus, this factor also favors the entry of default against Defendant.

The sixth Eitel factor considers the possibility that default resulted from excusable neglect. "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Castworld Products, Inc., 219 F.R.D. at 500-01 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Here, the possibility that default resulted from excusable neglect appears remote. On July 14, 2008, Defendant was served. (Dkt. # 8). Defendant failed to answer the Complaint and has not opposed this motion. (Dkt. #12, Exhibit 1). Accordingly, this factor favors granting default judgment against Defendant.

1   In the instant case, Defendants failure to answer Plaintiff's Complaint makes a
2   decision on the merits impractical, if not impossible.  Thus, the seventh Eitel factor does
3   not preclude the Court from entering default judgment against Defendants.  Accordingly,
4   in light of all of the  Eitel factors, the Court finds that default judgment against Defendants
5   is appropriate.

6   "[I]n granting default judgment, a court can award only up to the amount prayed for
7   by a plaintiff in its complaint."  Truong Giang Corp. V. Twinstar Tea Corp., 2007 WL
8   1545173 at *13 (N.D.Cal. 2007).  A demand for relief must be specific under FRCP
9   8(a)(3), and a plaintiff must "prove up" the amount of damages he or she claims when
10  seeking default judgment.  See Castworld Products, 219 F.R.D. at 501.  A "[p]laintiff's
11  burden in 'proving up' damages on a motion for default judgment is relatively lenient.  If
12  proximate cause is properly alleged in the complaint, it is admitted upon default.  Injury is
13  established and plaintiff need prove only that the compensation sought relates to the
14  damages that naturally flow from the injuries pled."  Castworld Products, 219 F.R.D. at
15  498 (citing Cripps v. Life Ins. Co. Of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)).

16  In the instant case, Plaintiffs seek the minimum statutory damages provided by
17  Section 504 of the Copyright Act ($ 750) for each of the nine infringements alleged in the
18  Complaint, for a total of $ 6,750.00.  (Dkt. #12, p. 3).  Plaintiffs did not specify the amount
19  of statutory damages they would seek for each infringement under the Copyright Act in
20  their Complaint, however, Plaintiffs did demand statutory damages pursuant to 17
21  U.S.C. § 1961(a).  (Dkt. #1, p. 5; Dkt. #12).  Furthermore, Plaintiffs submitted a list
22  identifying each of the nine infringing acts committed by Defendant.  (Dkt. #1, Exhibit A).

23  In addition, Plaintiffs requested an award of costs in the Complaint and the Motion
24  of Default Judgment.  (Dkt. #12; Dkt. #1, p. 6).  A declaration was submitted stating that
25  Plaintiffs have incurred costs in this case in the amount of $420.00, which includes a
26  statutory filing fee of $ 350.00 and costs of service of $ 70.00.  (Declaration of Steven C.
27  Lawrence, Dkt. #12, Exhibit 1).  The Court finds that Plaintiffs' requested remedies do not
28

1 differ from the relief prayed for in the Complaint.  Furthermore, after reviewing the
2 declaration and related exhibits, the Court finds that Plaintiffs' requested damages against
3 Defendant are reasonably calculated and derive from the injuries pled in Plaintiff's
4 Complaint.  Castworld Products, 219 F.R.D. at 498.

5     **Accordingly,**

6     **IT IS HEREBY ORDERED** that Plaintiffs motion for default judgment against
7 Defendant for $6,750.00 in statutory damages pursuant to 17 U.S.C. § 1961(a), is
8 GRANTED for the reasons stated herein.  (Dkt. #12).

9     **IT IS FURTHER ORDERED** that Defendant is permanently restrained and
10 enjoined from directly or indirectly infringing Plaintiffs' rights under federal law in
11 Copyrighted Recordings or any sound recording owned or controlled by Plaintiffs (or any
12 parent, subsidiary, or affiliate).

13     **IT IS FURTHER ORDERED** directing costs in the amount of $ 420.00, for fees
14 of the Clerk ($ 350.00) and fees for service of summons and subpoena ($ 70.00), be paid
15 to Plaintiffs.

16     **IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.
17     **DATED this 24th day of November, 2008.**

*/s/ Mary H. Murguia*
Mary H. Murguia
United States District Judge

- 7 -